UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA MARTIN,

        Plaintiff,                      Case Number 11-11710
                                              Honorable David M. Lawson
v.                                               Magistrate Judge Charles E. Binder

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT</u>**

      The plaintiff filed the present action on April 19, 2011 seeking review of the Commissioner's decision denying the plaintiff's claims for a period of disability and disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act. The case was referred to United States Magistrate Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgement to reverse the decision of the Commissioner and award her benefits. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Binder filed a report on March 20, 2012 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation, and the Commissioner filed a response thereto. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's responses thereto and has made a *de novo* review of the administrative record in light of the parties' submissions. The Administrative Law Judge (ALJ) determined that the plaintiff had no exertional limitations, and her disability claim was based on mental impairments. Although the ALJ found that those impairments limited the range of unskilled work the plaintiff could perform, he concluded that she could perform some unskilled work and therefore was not disabled. The plaintiff filed a motion to reverse the findings of the Commissioner and raised several issues, each of which were addressed by the magistrate judge.

The plaintiff makes the following objections to the magistrate judge's report, which repeat the arguments the plaintiff made in her brief: (a) the magistrate judge erred in concluding that the ALJ's failure to find that the plaintiff's chronic hydronephrosis and recurrent urinary tract infections were severe impairments was harmless because the ALJ considered them in the third, fourth, and fifth steps of the sequential analysis; (b) the magistrate judge erred in rejecting the opinions of the plaintiff's treating physicians on the erroneous basis that the treating physicians expressed opinions on matters reserved to the Commissioner; (c) the magistrate judge erred in finding the ALJ did not need to note or address the opinion of treating psychiatrist Maria Bogdonovich, M.D.; (d) the ALJ gave substantial weight to a state agency examiner on the erroneous basis that the examiner had personally examined plaintiff; (e) the ALJ exhibited partiality against the plaintiff at the hearing; and (f) the ALJ applied an erroneous legal standard in finding that substance abuse aggravated the plaintiff's symptoms.

The plaintiff, who is now twenty-nine years old, filed her application for disability insurance benefits and for supplemental security income on December 15, 2006, when she was twenty-three.

-2-

The plaintiff dropped out of school after completing the eleventh grade. She worked off and on from 2001 to December 2006 as a cook at B & C Pizza, a work supervisor at two fast food restaurants from June 2004 to October 2004, a waitress for roughly a month in April 2004, a sales clerk at Payless Shoes from February 2003 to June 2003, a sales clerk at a retail clothing store from January 2003 to April 2003, a waitress at IHOP from October 2002 to January 2003, and a cook at three different restaurants — the first from July 2002 to December 2002 and the last two for an indeterminate time in 1999.

The plaintiff last worked in December 2006. She alleges that she became disabled on May 1, 2003, and the ALJ found that the plaintiff had not engaged in substantial gainful activity since that date. The ALJ found the plaintiff's employment after that date either did not rise to the level of substantial gainful activity or constituted an unsuccessful work attempt. The plaintiff has been diagnosed with bipolar disorder, panic attacks, and depression. She takes Prozac, Abilify, and Ativan.

The plaintiff applied for disability insurance benefits and supplemental security income benefits on December 15, 2006. Her applications were denied initially. The plaintiff made a timely request for an administrative hearing. On June 23, 2009, the plaintiff appeared before ALJ Paul R. Armstrong when she was twenty-five years old. ALJ Armstrong filed a decision on July 24, 2009 in which he found that the plaintiff was not disabled.

The Court has reviewed the thorough and comprehensive report of the magistrate judge and agrees with it at every turn. The magistrate judge considered each of the plaintiff's arguments, identified the applicable law, and reached the correct conclusion. The plaintiff takes issue with those findings, but the objections to the report and recommendation merely restate the arguments

presented to the magistrate judge. The Court is in accord with the magistrate judge's treatment of each of the arguments the plaintiff raised, and there is no point in repeating the findings and conclusions here. The Court concludes that substantial evidence supports the ALJ's non-disability finding.

There is one more point to be made, however. It is well established that the plaintiff has the burden of proving disability in order to qualify for social security disability and supplemental security income benefits, and that "disability" is defined as the "inability to engage in any substantial gainful activity" due to a "physical or mental impairment" that could cause death or might reasonably be expected to last continuously for at least twelve months. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). None of the treating or consulting medical sources have described impairments that fit the statutory definition of disability. The most Dr. Michael Ossian and therapist Maria Misser said is that it was not in the plaintiff's interest "to take on a job *at this time*." Tr. 477 (emphasis added); *see also* Tr. 457. Those opinions, whether characterized as medical statements or comments on a matter reserved to the Commissioner, do not imply that the mental impairments that caused the medical sources to recommendation limitations on the plaintiff's activity establish a condition that was expected to last continuously for twelve months.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #16] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #17] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #12] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #15] is **GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   March 26, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 26, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL